IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRY MITCHELL, | ) | 8:07CV16 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | PLAINTIFF'S APPLICATION FOR |
| SOCIAL SECURITY ADMINISTRATION, | ) | ATTORNEY FEES |
| Jo Anne B. Barnhart, Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Now before me is Plaintiff Terry Mitchell's application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (See filing 18.) Specifically, the plaintiff requests a fee award in the amount of $5511.00 and reimbursement of the $350.00 filing fee. (See id. at 2.) For the following reasons, I find that the plaintiff's application for attorney fees will be granted.

## I.  BACKGROUND

     The plaintiff filed applications for disability insurance benefits and Supplemental Security Income (SSI) benefits on December 18, 2003. (See Transcript of Social Security Proceedings, filing 9 (hereinafter "Tr."), at 125-27, 371-73.) After these applications were denied initially, (see id. at 78, 89-92, 374-78) and on reconsideration, (see id. at 79, 96-102, 379-84), the plaintiff requested a hearing before an Administrative Law Judge (ALJ), (see id. at 103-04). This hearing was held on March 6, 2006, (see id. at 35), and, in a decision dated May 31, 2006, the ALJ concluded that the plaintiff was not entitled to disability insurance benefits or SSI benefits, (see id. at 21-34). In reaching this conclusion, the ALJ found 1) that the plaintiff suffered from hypertension and "insulin-dependent diabetes mellitus with diabetic neuropathy and retinopathy," which "imposed more than slight limitations upon his ability to function"; and 2) due to these impairments, the plaintiff was "unable to perform his past relevant work as a steel

1

worker, bus driver, janitor and general laborer"; but 3) the plaintiff did possess "the residual functional capacity for other work that exists in the regional and national economies in significant numbers." (Tr. at 32.)

The ALJ's conclusion that the plaintiff could perform "other work" was based, in part, upon a finding that the plaintiff possessed a "limited education," (Tr. at 69), which is defined as "ability in reasoning, arithmetic, and language skills, but not enough to allow a person with these educational qualifications to do most of the more complex job duties needed in semi-skilled or skilled jobs," 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3). The regulations state that generally, "a 7th grade through the 11th grade level of formal education is a limited education." Id. §§ 404.1564(b)(3), 416.964(b)(3). The regulations acknowledge, however, that the "numerical grade level . . . may not represent [a person's] actual educational abilities." Id. §§ 404.1564(b), 416.964(b). As a result, the Commissioner uses the "numerical grade level" to determine a claimant's educational abilities "if there is no other evidence to contradict it." Id. §§ 404.1564(b), 416.964(b).

In the instant case, the record contained conflicting evidence regarding the plaintiff's educational background. (See Tr. at 41 (indicating that the plaintiff "didn't make it to high school," but "made it to junior high"); 307 (indicating that the plaintiff reported having an eleventh-grade education); 394 (indicating that the plaintiff reported dropping out of school in the ninth grade).) More importantly, the record established that the numerical grade level that the plaintiff completed (or may have completed) in school did not represent the plaintiff's actual educational abilities. (See, e.g., Mem. & Order, filing 17, at 6, 8, 9, 11, 13-17.) Nevertheless, it appears that the ALJ determined that the plaintiff possessed a "limited education" based solely on her finding that the plaintiff "completed the 9th grade of school." (Tr. at 25, 69.) I concluded "that the ALJ's determination that the plaintiff possessed a limited education is not supported by substantial evidence," and I ordered that the case "be remanded to the Commissioner for an evaluation of the plaintiff's education and a determination of whether the plaintiff can perform work other than his past relevant work." (Mem. & Order, filing 17, at 17. See also id. at 23.)

## II. ANALYSIS

The EAJA authorizes an award of "fees and other expenses" to a "prevailing party" in a case against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The defendant does not dispute that the plaintiff is a "prevailing party" within the meaning of the EAJA. The defendant argues, however, that because the Commissioner's position was "substantially justified," no fees should be awarded to the plaintiff. (See generally filing 20.)

The Commissioner bears the burden of proving that his decision to deny benefits was substantially justified. See, e.g., Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003) (quoting Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991)).[1] To satisfy this burden, the Commissioner must show that his position is "clearly reasonable, well founded in law and fact, solid though not necessarily correct." Id. (quoting Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995)) (emphasis omitted). See also Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.").

The defendant argues that his position was substantially justified for two reasons. First, he notes that the plaintiff "raised five issues for review in this case" and that "four of the five issues" were resolved in the Commissioner's favor. (Filing 20 at 2.) He adds that "the issue upon which this Court found remand was necessary was further divided into three sub-issues, and this Court found in favor of the Commissioner on two of the three sub-issues." (Id.) It seems to me, however, that even if the Commissioner's positions on a number of ancillary issues were sound, it does not follow that his decision to deny benefits was substantially justified. Nor does it follow that the defendant's position on "the issue upon which this Court found remand was

---

[1]The EAJA states that the term "position of the United States," as it is used in § 2412(d)(1)(A), "means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . . ." 28 U.S.C. § 2412(d)(2)(D).

necessary" was substantially justified. Thus, the defendant's first argument leaves me unpersuaded.

Second, the defendant argues that his position was substantially justified because "there was some evidence that Plaintiff had a junior high school education (Tr. at 41), which is considered a 'limited education' under the regulations." (Filing 20 at 3 (citing 20 C.F.R. §§ 404.1564(b)(3), 416.964(b)(3)).) He adds, "While other evidence may have weighed against a finding that Plaintiff had a limited education, a reasonable person could conclude that Defendant's position was correct and that it had a reasonable basis in law and fact." (Id.) It is true that the record contains some evidence concerning the "numerical grade level" that the plaintiff completed in school. It is also true that much of this evidence suggests that the plaintiff has a "junior high school education." The applicable regulations indicate, however, that the numerical grade level will not be used to determine a person's educational abilities if there is evidence "to contradict it." 20 C.F.R. §§ 404.1564(b); 416.964(b). In this case, the record showed that the plaintiff's reading and arithmetic abilities reached no higher than the third-grade level, (see, e.g., Tr. at 395, 443-44), and that the plaintiff was functionally illiterate, (see, e.g., id. at 307, 395, 437-38). It appears that the Commissioner disregarded this evidence and instead relied upon the plaintiff's "numerical grade level" to determine the plaintiff's educational abilities. This was neither reasonable nor "well founded in law and fact." Lauer, 321 F.3d at 764 (emphasis omitted); see also 20 C.F.R. §§ 404.1564(b); 416.964(b).

In view of the foregoing, I must conclude that the Commissioner has not shown that his decision to deny the plaintiff's claims for benefits was substantially justified. Therefore, the plaintiff is entitled to a reasonable attorney fee under the EAJA.

The plaintiff has requested attorney fees in the amount of $5511.00. (See filing 18 at 2.) The defendant has not argued that this amount is unreasonable. After due consideration, I find that the plaintiff's counsel's expenditure of 33 hours of work on this case, (see filing 18, Ex. A), was reasonable. I also find that counsel's request for an hourly rate of $167.00, which is supported by uncontested proof of an "increase in the cost of living," is reasonable. See 28 U.S.C. § 2412)(d)(2)(A)(ii); see also Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir. 1990) ("We hold that where, as here, an EAJA petitioner presents uncontested proof of an increase in

4

the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded."). In light of the foregoing, the plaintiff's request for attorney fees in the amount of $5511.00 will be granted.

The plaintiff has also requested reimbursement of the filing fee. This amount could be taxed as a cost, see 28 U.S.C. § 2412(a)-(b), and it might be better practice for counsel to request reimbursement of the filing fee in a separate bill of costs, see NECivR 54.1. I note, however, that the defendant has not objected to the plaintiff's request for reimbursement of the filing fee. I also note that no "separate" judgment was entered in this case pursuant to Federal Rule of Civil Procedure 58, which may have interfered with the plaintiff's ability to submit a bill of costs. In any event, the plaintiff's request for reimbursement of the $350.00 filing fee will be granted; however, if the plaintiff should file a bill of costs, he is directed to offset the $350.00 in costs that he will recover as a result of this ruling. See Sorich v. Shalala, 838 F. Supp. 1354, 1360 n.9 (D. Neb. 1993) ("Plaintiff is not entitled to double recovery for costs.").

Finally, the plaintiff's counsel requests that the award be made payable to counsel rather than to the plaintiff. (See filing 18 at 2.) The defendant has not objected to this arrangement, though I note that the EAJA provides for awards to "parties." See 28 U.S.C. § 2412(d)(2)(B). I shall grant the plaintiff's counsel's request.

**IT IS ORDERED** that the plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act, filing 18, is granted, and the plaintiff is awarded attorney fees in the amount of $5511.00 and costs in the amount of $350.00, with both amounts to be made payable to plaintiff's counsel.

**IT IS FURTHER ORDERED** that, for the reasons stated in the Memorandum and Order on Review of the Final Decision of the Commissioner of the Social Security Administrat[ion], filing 17, and pursuant to Federal Rule of Civil Procedure 58, a judgment shall

5

be entered on a separate document stating that "the Commissioner of Social Security's decision is reversed, and the case is remanded to the Commissioner for further proceedings."

Dated November 27, 2007.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge